Argued December 1, 1970, affirmed February 18, 1971

SANDERS, *Appellant, v.* ROSE CITY
TRANSIT COMPANY, *Respondent.*
480 P2d 709

[ 1 ]

*Gerald H. Robinson*, Portland, argued the cause for appellant. With him on the briefs were Fredrick R. Cornilles, and Robinson & Cornilles, Portland.

*Wm. G. Sheridan, Jr.*, Portland, argued the cause for respondent. With him on the brief were Arden E. Shenker, and Tooze, Powers, Kerr, Tooze & Peterson, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, and HOWELL, Justices.

HOLMAN, J.

This is an action for personal injuries which plaintiff claims were sustained when a rear door of defendant's bus allegedly closed on her as she was alighting, knocking her to the pavement. Pursuant to

a jury verdict, a judgment was entered for defendant and plaintiff appeals.

As the vehicle approached her departure point, plaintiff signaled the driver and, after the bus stopped, proceeded to leave the bus by the rear door. She testified that she stepped down, putting her right foot out, and then raised her left foot to bring it out of the door. While her foot was raised, the door closed and struck her on her left hip, knocking her to the sidewalk. Two young people who knew plaintiff followed her off the bus and helped her up from the sidewalk. Neither of them could recall having seen any door close on plaintiff. However, one of them actually saw plaintiff fall and testified that plaintiff "got off and then she fell." By the time plaintiff was back on her feet, the bus had already proceeded down the street.

Defendant operated four buses in the area within the time span during which, according to her testimony, plaintiff was injured. They were buses numbers 949, 844, 474, and 463. Neither plaintiff nor the two young people noticed the number of the bus on which they were riding. None of the drivers of these buses remembered having seen plaintiff or when she fell.

Defendant's Assistant Superintendent of Maintenance testified that the back door system of defendant's buses is air-operated and controlled by a treadle upon which the passenger steps. The pressure on the treadle activates an electrical control which, in turn, permits air pressure to open the doors. The doors also have a pressure sensitive edge on them which, when touched, causes the door to retract. The air system that operates the door is the same compressed

air system that controls the brakes and is supposed to set the rear wheels of the bus when the door is open. It is also supposed to lock the bus's throttle until the door is closed. The door of defendant's buses was adjusted to remain open two to two-and-a-half seconds after the foot is removed from the last treadle.

Plaintiff's first assignment of error is that the court erred in excluding the maintenance records of the four buses on the Sellwood line. These records show that a month and a half prior to the accident a door switch on bus number 949 had been repaired and that six days after plaintiff was injured the rear door carbons were cleaned. The issue is whether or not these records are relevant.

■ The fact sought to be proved is that the rear door system of the bus on which plaintiff was riding failed to operate properly and to remain open long enough for plaintiff to disembark. In order for the records to be admissible, they would have to be rationally related to this issue. The fact that a door switch was replaced a month and a half prior to the accident in no way proves that the switch was defective at the time of the accident. Presuming that the door carbons were dirty at the time of the accident, there is no evidence to show in what manner dirty door carbons affect the operation and timing of the rear door. The records, therefore, were not shown to be relevant and the court did not err in failing to receive them.

■ Plaintiff's second assignment of error is that the court erred in striking an allegation that the defendant was negligent in "failing to keep an adequate or any lookout for the passengers, including this plaintiff." There is no evidence that any lack of lookout could have been a cause of plaintiff's fall. No connection was shown between the premature closing of the

door and any action by the driver. The most that can be said of the evidence is that had the driver been paying better attention, he would have seen plaintiff fall and could have helped her up. Therefore, plaintiff cannot predicate a recovery of damages on the lack of lookout, and the specification was properly stricken.

■ Plaintiff's third assignment of error challenges the failure of the court to strike defendant's allegation of contributory negligence that plaintiff failed "to take proper precautions for her own safety." In the first place, the allegation is improper in that it does not point out any particular negligent action and is conclusory. However, the objection to the allegation was that there was no evidence to sustain it. Because of the allegation's general nature, this objection is equivalent to a contention that there was no evidence that plaintiff was negligent. There was another allegation of contributory negligence submitted to the jury which alleged that plaintiff did not keep a proper lookout and about which plaintiff does not now complain. As long as the specific allegation of contributory negligence was submitted to the jury, we do not believe that plaintiff was substantially prejudiced by the additional submission of the general, non-specific allegation.

The judgment of the trial court is affirmed.